IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J.N., A MINOR, BY HIS PARENTS AND | : | CIVIL ACTION |
| NATURAL GUARDIANS, J.N. AND C.N., | : | No. 14-1618 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| PENN-DELCO SCHOOL DISTRICT, | : | |
| | : | |
| Defendant. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                    November 7, 2014

## I.    BACKGROUND

This action is being brought under the Individuals
with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, on
behalf of Plaintiff J.N., an eight-year-old student diagnosed
with severe childhood apraxia of speech, by his parents, J.N.
and C.N. (collectively, "Plaintiffs"). Plaintiffs claim that
Defendant Penn-Delco School District ("the District") offered
J.N. an Individualized Education Program ("IEP")[1] for the 2013-14
school year that was inadequate to meet his needs,[2] and that the

---

[1]        To provide the requisite free, appropriate public
education ("FAPE"), the Act requires states and localities to
meet the educational needs of each handicapped child through the
preparation and implementation of an IEP. § 1414(d).

[2]        Although the Complaint goes into considerable detail
regarding the inadequacies of the proposed IEP and the benefits

District is thus required to reimburse Plaintiffs for J.N.'s

placement at TALK, a private school specializing in his

disability. Compl. ¶¶ 4-5.

After the 2013-14 school year came to an end, the

District offered an IEP for the 2014-15 school year on July 9,

2014. Mot. Amend Compl. 3, ECF No. 9. According to the

Plaintiffs, however, the District's new IEP is virtually the

same as the former IEP. Id. at 4. J.N.'s parents thus rejected

it and informed the District that they would maintain J.N.'s

placement at TALK for the coming school year and seek

reimbursement of the costs of that placement from the District.

Id. Plaintiffs now move to amend the Complaint to seek

reimbursement for tuition and associated costs for the 2014-15

school year. Defendant contends that this Court does not possess

jurisdiction over this proposed amendment to the claim, given

that the claim for the 2014-15 year has not been separately

exhausted through administrative proceedings. Plaintiffs

disagree, arguing that the claim has already been exhausted and

---

of the private program in which J.N. was enrolled, the crux of
Plaintiffs' disagreement with the District's IEP is that it
would have placed J.N. in a "multiple disabilities support"
("MDS") classroom designed to serve children with vastly
different needs than J.N.'s. According to Plaintiffs, J.N. has
significant difficulties with the motor skills necessary for
speech, but he has "normal intelligence and is highly motivated
to communicate," which distinguishes him from the other children
in the MDS classroom. Compl. ¶ 1.

does not require reexhaustion, given that--because the new IEP
is virtually identical to the old, inadequate IEP--the Complaint
remains substantively the same.

## II.   PROCEDURAL HISTORY

The dispute over the District's IEP and tuition
reimbursement proceeded to Pennsylvania's Office of Dispute
Resolution. After a nine-session hearing, the Hearing Officer
concluded that the District was able to provide an appropriate
education placement for J.N., but that it needed "to take steps
to alleviate [the] Parents' concerns" regarding the adequacy of
speech/language services. Compl. Ex. A, Hearing Officer
Decision, at 2. The Hearing Officer denied Plaintiffs' tuition
reimbursement claim.

Plaintiffs appealed that decision by filing the
instant Complaint[3] on March 19, 2014, bringing claims under the
Individuals with Disabilities Education Act, 20 U.S.C. § 1400;
the Rehabilitation Act, 29 U.S.C. § 794; and the Americans with
Disabilities Act, 42 U.S.C. § 12131. The District answered on
May 6, 2014. Plaintiffs filed a motion to amend the Complaint on
August 22, 2014, and Defendant submitted a memorandum in
opposition to Plaintiffs' motion to amend the Complaint on

---

[3]      20 U.S.C. § 1415(i)(3)(A) provides for federal court
jurisdiction over "actions brought under this subsection without
regard to the amount in controversy."

September 5, 2014. Most recently, Plaintiffs filed a reply memorandum in support of the motion to amend the Complaint on September 23, 2014.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a court "should freely give leave" for a party to amend its pleading "when justice so requires." Thus, the United States Supreme Court has stated that:

> [i]n the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). The decision whether or not to permit amendment is generally under the discretion of the district court, so long as the court provides a rationale for denial. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (quoting Foman, 371 U.S. at 182).

Before filing a civil action seeking relief available under the IDEA, a plaintiff must exhaust the administrative remedies available under that statute. Batchelor v. Rose Tree Media Sch. Dist., 759 F.3d 266, 272 (3d Cir. 2014). Moreover, this requirement of exhaustion is not a matter of discretion--it

4

is jurisdictional: the Third Circuit has made it clear that "[i]n the normal case, exhausting the IDEA's administrative process is required in order for the statute to 'grant[ ] subject matter jurisdiction to the district court[ ].'" Id. (quoting Komninos v. Upper Saddle River Bd. of Educ., 13 F.3d 775, 778 (3d Cir. 1994)).

This Court has previously observed that "courts have strictly adhered to [this exhaustion] rule . . . except in a few limited circumstances." A.S. v. William Penn Sch. Dist., No. 13-2312, 2014 WL 1394964, at *4 (E.D. Pa. Apr. 10, 2014). Generally speaking, failure to exhaust may be excused only where: "(1) exhaustion would be futile or inadequate; (2) the issue presented is purely a legal question; (3) the administrative agency cannot grant relief; and (4) exhaustion would cause severe or irreparable harm." D.E. v. Cent. Dauphin Sch. Dist., 765 F.3d 260, 275 (3d Cir. 2014).

IV.   DISCUSSION

Defendant argues that Plaintiffs' motion to amend should be denied because Plaintiffs have failed to exhaust the applicable administrative remedies in regard to the proposed additional claim. See Def.'s Mem. Opp. Mot. Amend Compl. 5, ECF No. 10. Rather than claiming one of the exceptions to exhaustion previously recognized by the Third Circuit, Cent. Dauphin Sch.

5

<u>Dist.</u>, 765 F.3d at 275, however, Plaintiffs argue that reexhaustion is not required because they have "already exhausted [their] administrative remedies by presenting the claim in dispute--for reimbursement of J.N.'s tuition at a private school after the District offered an inappropriate [IEP]--to a Special Education Hearing Officer." Pl.'s Reply Supp. Mot. Amend Compl. 3-4, ECF No. 11. For the reasons that follow, the Court agrees, and will grant Plaintiffs' motion to amend the Complaint.

   A.   <u>Reexhaustion</u>

      The Third Circuit has not squarely ruled on the issue of reexhaustion under these circumstances. <u>See</u> <u>Johnson v. Lancaster-Lebanon Intermediate Unit 13, Lancaster City Sch. Dist.</u>, 757 F. Supp. 606, 614 n.6 (E.D. Pa. 1991). Thus, this question--under what circumstances, if any, an IEP for a subsequent year is considered already exhausted by a due process hearing on a previous year's IEP--is one of first impression.

      Other courts have confronted this issue, and have found reexhaustion unnecessary when a subsequent IEP is substantially similar to a previous program. For instance, the Eighth Circuit has held that:

> [w]hile IDEA plaintiffs are ordinarily required to exhaust administrative remedies before seeking judicial review, . . . plans substantially similar to the IEP under

review may also be considered. See DeVries v. Spillane, 853 F.2d 264, 267 (4th Cir. 1988), Johnson v. Lancaster–Lebanon Intermediate Unit 13, 757 F. Supp. 606, 614 n.6 (E.D. Pa. 1991).

Gill v. Columbia 93 Sch. Dist., 217 F.3d 1027, 1038 n.6 (8th Cir. 2000) (internal citation omitted). The court in Gill also cited a Supreme Court case, Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley, 458 U.S. 176, 186 n.9 (1982), which stated in a footnote that, given the fact that "[j]udicial review invariably takes more than nine months to complete," and that "the deficiencies in the IEP were capable of repetition . . . yet evading review," the lower court "correctly ruled that it retained jurisdiction to grant relief" for subsequent years as well as the year initially considered. Gill, 217 F.3d at 1038 n.6.

The DeVries case, also cited in Gill, applied similar logic in finding that "even under normal exhaustion rules, the plaintiff does not need to reexhaust":

> It is true that the new IEP is different from the old so that the factual findings of the administrative tribunals made as to the earlier IEP are not precisely pertinent to the new IEP. Classically, that is a reason for reexhaustion which essentially is the equivalent of a remand. However, the EHA[4] provides for a different result. The district court under the EHA "shall hear

---

[4]    The Education of the Handicapped Act ("EHA"), 20 U.S.C. §§ 1401 to 1462, was the predecessor statute to the IDEA.

7

> additional evidence at the request of a
> party." The Third Circuit has recognized
> that a remand is inconsistent with that
> statutory scheme. <u>Muth v. Smith</u>, 646 F.
> Supp. 280 (E.D. Pa. 1986) <u>aff'd in part
> remanded in part</u> (solely for calculation of
> attorney's fees) <u>sub nom</u> <u>Muth v. Central
> Bucks School District</u>, 839 F.2d 113 (3d Cir.
> 1988).[5] So, too, is reexhaustion inconsistent
> with the statutory scheme when the complaint
> remains the same though the IEPs change.

853 F.2d at 267. And likewise, a court in this very District

concluded that "the importance of speedily resolving EHA cases

and the similarity of [the successive IEPs]" dictates that

"reexhaustion is not required." <u>Johnson</u>, 757 F. Supp. at 614 n.6

(E.D. Pa. 1991).

     In response to the above-mentioned decisions,

Defendant emphasizes the fact that Plaintiffs' support rests

mostly on nonbinding caselaw. Def.'s Mem. Opp. Mot. Amend Compl.

8, ECF No. 10. However, Defendant points to no authority--

binding or nonbinding--that clearly contradicts Plaintiffs'

reexhaustion argument. Rather, Defendant relies on a few cases

from this District where the courts were reluctant to excuse

exhaustion when previous administrative hearings did not

---

[5]    In <u>Muth</u>, the Third Circuit specifically stated that in
the context of the EHA, "a remand following an 'impartial
review' is fundamentally inconsistent with the statutory scheme.
As we have earlier noted, the EHA and its implementing
regulations reflect the importance not only of procedural
protections but also of prompt resolution of disputes over the
proper education of a handicapped child." 839 F.2d at 124-25.

squarely rule on the issue at hand. Id. at 8-10. In particular,
Defendant cites Matthew K. v. Parkland Sch. Dist., No. 97-6636,
1998 WL 84009, at *2 n.3 (E.D. Pa. Feb. 26, 1998), in which the
court held that plaintiffs had not yet exhausted their
administrative remedies for a successive year's IEP. That case
is distinguishable from this one, however, for in Matthew K.
there was an ongoing administrative hearing on the subsequent
IEP at the time of trial, and the court "refuse[d] to intrude
upon the state administrative process" by enjoining the hearing.
Id. There is no ongoing due process hearing in the instant case,
and so the same concerns raised by the prospect of enjoining
administrative proceedings are not present. Moreover, there is
no indication from that case that the plaintiffs argued that the
administrative remedies had already been exhausted for the
subsequent IEP, or that the successive IEPs were substantially
similar--which is crucial for this inquiry.

Other cases cited by Defendant involved courts
refusing to hear wholly new issues that had not been raised in
the due process hearings below. See Neena S. v. Sch. Dist. of
Phila., No. 05-5404, 2008 WL 5273546, at *10 (E.D. Pa. December
19, 2008) (holding that because plaintiffs did not appeal the
Hearing Officer's denial of compensatory education for certain
years, plaintiffs failed to exhaust their claims for those
years); Centennial Sch. Dist. v. Phil L., 559 F. Supp. 2d 634,

643-47 (E.D. Pa. 2008) (holding that because the Hearing Officer did not rule on an issue raised by the plaintiffs, no exception applied to plaintiffs' failure to exhaust); and <u>Neshaminy Sch. Dist. v. Karla B.</u>, No. 96-3865, 1997 WL 137197, at *6-7 (E.D. Pa. Sept. 3, 1997) (holding that plaintiff could not raise claim for compensatory education in federal court when that issue had not been presented to the Hearing Officer). Those cases are also distinguishable from this one, however, for in this case Plaintiffs already presented the sole claim upon which they seek relief--a claim for tuition reimbursement--to a Hearing Officer.

Although the cases cited by Defendant support the proposition that plaintiffs may not raise in federal court new, unexhausted claims, none of those cases hold that IDEA plaintiffs appealing administrative decisions must necessarily initiate new administrative proceedings every time a new school year begins or a new IEP is presented. New issues may require exhaustion, but substantially similar persisting issues that have already been raised do not require reexhaustion.

B.   <u>Substantial Similarity</u>

Finding the reasoning of Plaintiffs' cited cases persuasive, the jurisdictional issue of exhaustion here thus boils down to whether the 2014-15 IEP is substantially similar

10

to the 2013-14 IEP, such that the Complaint, if amended, would remain essentially the same.

According to the Plaintiffs, the new IEP is "virtually the same as the former IEP." Mot. Amend Compl. 4, ECF No. 9. In their proposed Amended Complaint, they identify the similarities, minor changes, and outdated deficiencies of the new IEP. Id. Ex. A, at ¶¶ 168-81. Plaintiffs also observe that "the goals, objectives, specially designed instruction[,] and supports for school personnel in the July 9, 201 IEP are identical except for new dates that reflect that they would be implemented during the 2014-15 school year." Id. Ex. A, at ¶ 171. Moreover, "[v]irtually the only modification . . . is the addition of material in the Present Levels of Academic Achievement and Functional Performance from J.N.'s progress reports at TALK, Inc."--material that "show[s] that J.N. has already mastered the skills that the goals in the District's IEP of July 9, 2014 are designed to teach." Id. Ex. A, at ¶ 172-73. Plaintiffs also assert that "[n]one of the modifications to the IEP ordered by the Hearing Officer has been incorporated into the IEP." Id. Ex. A, at ¶ 181.

Defendant does not contradict these assertions or make any claim that the two IEPs are not substantially similar. Defendant does assert, however, that "even were that true, the child surely is not" identical, as he is not at the same

11

developmental place as in the previous academic year. Def.'s

Mem. Opp. Mot. Amend Compl. 6, ECF No. 10. Defendant also argues

that "review of the 2014-15 IEP would require significant

additional factfinding to determine the student's current

functioning levels and whether the current IEP addresses them

appropriately," and points out that the Court would have to make

the additional effort of applying the established three-step

analysis[6] to determine whether to order tuition reimbursement for

the 2014-15 year.

While J.N. has undoubtedly changed, at the very least

physically, since the old IEP was issued in May 2013, this

circumstance, in and of itself, is not insurmountable. The

regulations permit a court to "hear additional evidence at the

---

[6]         Under the Supreme Court's "Burlington-Carter" test,

> [a] court must first determine if the
> District's proposed IEP constituted an
> appropriate offer of a FAPE. [Florence Cnty.
> Sch. Dist v.] Carter, 510 U.S. [7,] 16
> [(1993)]. If it is not, the Court should
> next determine whether the parents'
> unilateral placement of the child at a
> private school was "proper." Id. Finally,
> the Court should consider whether "equitable
> considerations are relevant in fashioning
> relief." [Sch. Comm. of Town of]
> Burlington[, Mass. v. Dep't of Educ. of
> Mass.], 471 U.S. [359,] 374 [(1985)].

Sinan L. v. Sch. Dist. of Phila., No. 06-1342, 2007 WL 1933021,
at *5 (E.D. Pa. July 2, 2007).

request of a party." 20 U.S.C. § 1415(i)(2)(C)(ii). In this

connection, the Third Circuit has stated:

> Children are not static beings; neither
> their academic progress nor their
> disabilities wait for the resolution of
> legal conflicts. While a district court
> appropriately may exclude additional
> evidence, a court must exercise
> particularized discretion in its rulings so
> that it will consider evidence relevant,
> non-cumulative and useful in determining
> whether Congress'[s] goal has been reached
> for the child involved.

Susan N. v. Wilson Sch. Dist., 70 F.3d 751, 760 (3d Cir. 1995).

This Court can readily gauge the suitability of the

new IEP with some amount of additional evidence,[7] and it can

apply the above-mentioned three-step analysis to decide if

reimbursement is appropriate for 2014-15--as it will to decide

if such relief is appropriate for 2013-14. Given the substantial

similarity of the two IEPs, and in light of this Court's

institutional capacity to determine whether relief is warranted

for this subsequent year, the Court finds that Plaintiffs' claim

as to the 2014-15 IEP has been exhausted and, therefore,

Plaintiffs are not required to reexhaust their administrative

remedies. Since the Plaintiffs have exhausted their

---

[7]     Moreover, even if the Court prohibited Plaintiffs'
amendment, supplemental evidence of J.N.'s changed circumstances
and status would still be required to analyze the 2013-14 IEP's
appropriateness and to judge whether J.N.'s placement at TALK
was proper under the Burlington-Carter test.

administrative remedies, the Court has jurisdiction to evaluate a claim based on the 2014-15 IEP.

**V.     CONCLUSION**

For the foregoing reasons, the Court will grant Plaintiff's motion to amend the Complaint. An appropriate order follows.