```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


J.N., a minor, by his parents and   :   CIVIL ACTION
natural guardians, J.N. and C.N.,   :   NO. 14-1618
                                    :
          Plaintiff,                :
                                    :
     v.                             :
                                    :
PENN-DELCO SCHOOL DISTRICT          :
                                    :
          Defendant.                :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          January 30, 2017

This is an action brought under the Individuals with Disabilities Education Act ("IDEA" or "the Act"), 20 U.S.C. §§ 1400-1466, on behalf of Plaintiff J.N. ("Plaintiff" or "J.N."), a minor diagnosed with severe childhood apraxia of speech, by his parents, J.N. and C.N. ("the Parents"). The Parents allege that J.N.'s school district has failed to provide a free, appropriate public education for J.N. in accordance with the requirements of the Act, and they seek reimbursement for J.N.'s tuition, transportation, and other costs of attendance at a private school. The parties have reached a settlement, which must be approved by the Court pursuant to Local Rule 41.2. Plaintiff filed a motion for approval of the settlement

agreement, which Defendant does not oppose. For the reasons discussed below, the Court will grant Plaintiff's motion.

## I. FACTUAL BACKGROUND

Plaintiff J.N. is a ten-year-old student who was diagnosed with severe childhood apraxia of speech. J.N. and his parents allege that, for the 2013-14 and 2014-15 school years, Defendant Penn-Delco School District ("the District") offered J.N. Individualized Education Programs ("IEPs")[1] that were inadequate to meet J.N.'s needs. Am. Compl. ¶¶ 4-5, ECF No. 14. Those IEPs placed J.N. in a "Multiple Disabilities Support" ("MDS") classroom, which Plaintiff alleges is designed to serve children who have vastly different needs from those of J.N. Id. ¶¶ 105-15. According to Plaintiff, J.N. has significant difficulties with the motor skills necessary for speech, but he has "normal intelligence and is highly motivated to communicate," distinguishing him from the other children in an MDS classroom. Id. ¶¶ 1, 32, 33, 105.

Plaintiff alleges that the Parents worked extensively with the District to find an appropriate solution for J.N.'s educational needs without success, and subsequently placed J.N.

---

[1] To provide the requisite free, appropriate public education, the Act requires states and localities to meet the educational needs of each handicapped child through the preparation and implementation of an IEP. See 20 U.S.C. § 1414(d).

2

in a private school specializing in his disability, the TALK Institute ("TALK"). Id. ¶ 52-60. After rejecting the District's IEP for the 2013-14 school year, the Parents sought reimbursement from the District for J.N.'s placement at TALK for that school year.[2] Id. ¶¶ 4-5, 115. The District claimed that the Parents were not entitled to reimbursement. Am. Compl. Ex. A at 2, ECF No. 1-1. The dispute regarding the District's 2013-14 IEP for J.N. and the Parents' request for reimbursement for that school year proceeded to a hearing before a Pennsylvania Special Education Hearing Officer. Id. After a nine-session hearing, the Hearing Officer concluded that the District was able to provide an appropriate educational placement for J.N., but that it needed "to take steps to alleviate [the] Parents' concerns" regarding the adequacy of speech and language services. Id. Having concluded that the District's placement was appropriate, the Hearing Officer denied Plaintiff's tuition reimbursement claim. Id.

The Parents subsequently rejected the District's IEP for J.N. for the 2014-15 school year, which the Parents allege is nearly identical to his IEP for the 2013-14 school year, and

---

[2] The Parents previously sought reimbursement from the District for J.N.'s 2012-13 placement at TALK, which the District ultimately provided. See Am. Compl. Ex. A at 2, ECF No. 1-1.

3

kept J.N. in the same private school placement.  Am. Compl. ¶ 183.

## II.  PROCEDURAL HISTORY

Plaintiff commenced this action on March 19, 2014, appealing the Hearing Officer's decision and bringing claims under the IDEA, 20 U.S.C. § 1415(i); the Rehabilitation Act, 29 U.S.C. § 794; and the Americans with Disabilities Act, 42 U.S.C. § 12131.  ECF No. 1.  The District answered the complaint on May 16, 2014.  ECF No. 3.  Plaintiff filed a motion to amend the complaint on August 22, 2014, seeking to add claims related to the District's IEP for J.N. for the 2014-15 school year.  ECF No. 9.  The Court granted the motion on November 7, 2014, ECF No. 13, and Plaintiff filed an amended complaint the same day, ECF No. 14.  The District answered the amended complaint on November 25, 2014.  ECF No. 16.  The Court subsequently held a status and scheduling conference and issued a scheduling order. ECF No. 18.

Following a settlement conference with Magistrate Judge Thomas J. Rueter on January 13, 2015, the Court placed the action in suspense pending the filing of a petition for final approval of settlement.  ECF No. 22.  On October 31, 2016, the parties having failed to file a petition for final approval of settlement, the Court issued a Rule to Show Cause why the action

should not be dismissed for lack of prosecution.  ECF No. 23.  The Rule was returnable in writing on or before November 18, 2016.  Id.

Plaintiff filed a Motion for Approval of Settlement Agreement on November 18, 2016, attaching a draft of the parties' settlement (the "Settlement Agreement").  ECF No. 24.  Plaintiff argues that the settlement is in the best interests of J.N. and that the attorneys' fees included in the settlement are reasonable.  Id.  Plaintiff also filed a response to the Rule to Show Cause the same day.  ECF No. 25.

The District responded to Plaintiff's motion on December 1, 2016.  ECF No. 27.  The District does not object to the relief sought in Plaintiff's motion.  The District agrees that the Settlement Agreement is fair, reasonable, and in the best interests of J.N., and that it should be approved by the Court.  Id. at 1.  The District does, however, object to certain statements in Plaintiff's motion regarding J.N.'s progress and the market rate for special education lawyers.  Id.

The Court held a hearing and is now ready to rule on Plaintiff's motion.

### III. THE TERMS OF THE SETTLEMENT

Under the terms of the Settlement Agreement, the District agrees to make a direct payment of tuition to a

parentally selected and properly accredited private school of the Parents' choice for J.N.'s attendance in the amounts of:

(1) the lesser of $75,000 or the Parents' tuition obligation for the 2014-15 school year;

(2) the lesser of $40,000 or the Parents' tuition obligation for the 2015-16 school year; and

(3) the lesser of $40,000 or the Parents' tuition obligation for the 2016-17 school year.

Settlement Agreement and Release §§ 1(a)-(c), ECF No. 24-1.  The District also agrees to pay reasonable attorneys' fees in an amount not to exceed $20,000 to Reisman Carolla Gran LLP.  Id. § 1(d).  Thus, the total value of the settlement to Plaintiff is $175,000, with attorneys' fees constituting approximately 11.4 percent of the total value.

In exchange, the Parents agree to waive any rights J.N. or the Parents may otherwise have to any and all education and discrimination claims through August 31, 2017, under any of the following statutes and regulations:

> the [IDEA], 20 U.S.C [§§] 1400-1485 and its implementing regulations, 34 C.F.R. Part 300; Section 504 of the Rehabilitation Act of 1973, 20 U.S.C. [§] 794, and its implementing regulations, 34 C.F.R. Part 104; the Americans with Disabilities Act of 1990, 42 U.S.C. [§§] 12101-12213; [§§] 1983 and 1988 of the Civil Rights Act, 42 U.S.C. [§§] 1983, 1988; the United States and Pennsylvania Constitutions; 22 Pa. Code Chapters 14, 15 and 16 of the regulations of the State Board of Education; the Pennsylvania School Code of 1949, 24 P.S. 1-101, et seq.; and any other state

> or federal law which now exists or which may come into existence, relating to the provision of educational services to [J.N.].

Id. § 2.  The Parents also agree to make applications for financial aid for any school funded under the Agreement.  Id.

**IV.   LEGAL STANDARD**

Local Rule 41.2(a) requires court approval for any settlement involving a minor.  See Local R. 41.2(a) (providing that "[n]o claim of a minor . . . shall be compromised, settled, or dismissed unless approved by the court").  Court approval is also required for any "distribution of proceeds out of any fund obtained for a minor," and for the payment of counsel fees, costs or expenses out of any fund obtained for a minor.  Local R. 41.2(b), (c).  Before approving the settlement of a minor's claim, "the court must determine the fairness of any settlement agreement and the reasonableness of any attorneys' fees to be paid from the settlement amount."  Nice v. Centennial Area Sch. Dist., 98 F. Supp. 2d 665, 667 (E.D. Pa. 2000) (Robreno, J.).

The determination of the fairness of a settlement agreement involving a minor and the reasonableness of the attorneys' fees "implicates the parties' substantive rights." Id.  Federal law ordinarily controls the adjudication of substantive rights of the parties when the federal court's jurisdiction is predicated upon a federal question.  Id. at 668 (citing Mruz v. Caring, Inc., 39 F. Supp. 2d 495, 504 (D.N.J.

7

1999)).  However, this Court previously held that it was appropriate to apply state law to determine the fairness of a minor's settlement in a federal civil rights action, because (1) nothing in the federal statutory scheme, 42 U.S.C. §§ 1983-1988, supplied a rule of decision for the approval of the settlement; and (2) settlement approval did not implicate a federal interest or show a need for national uniformity.  Id. at 668-69.  The same is true here: the IDEA does not provide a framework for evaluating the settlement of a minor's claim under the Act, and states have a paramount interest in the well-being of minors.  Accordingly, the Court will apply Pennsylvania law to determine whether to approve the Settlement Agreement.

Under Pennsylvania law, in considering whether to approve a settlement in which a minor is a party in interest, "[a] [c]ourt is charged with protecting the best interests of the minor."  Power v. Tomarchio, 701 A.2d 1371, 1374 (Pa. Super. Ct. 1997); see also Stecyk v. Bell Helicopter Textron, Inc., 53 F. Supp. 2d 794, 797 (E.D. Pa. 1999) (Robreno, J.) (citing Wilson v. Bensalem Twp. Sch. Dist., 367 A.2d 397, 398 (Pa. Commw. Ct. 1976)) (same); Collier v. Dailey, No. 98-3261, 1998 WL 666036, at *1 (E.D. Pa. Sept. 24, 1998) (noting that under Pennsylvania law, "in reviewing the settlement agreement, the court must hold that the best interests of the child are paramount and of controlling importance").  Accordingly, the

Court must consider whether the settlement is "fair, reasonable, and in the best interests of the minor." Nice, 98 F. Supp. 2d at 670.

After evaluating the fairness of the agreement, a district court must assess the reasonableness of the requested counsel fees. See Loc. R. Civ. P. 41.2(c). Pennsylvania law applies here as well.[3] In assessing the reasonableness of the fees, the court must "strike a balance between being a 'passive pro forma rubber stamp' . . . and being too intrusive in its consideration of the fairness of counsel fees." Stecyk, 53 F. Supp. 2d at 800-01 (quoting Gilmore v. Dondero, 582 A.2d 1106, 1109 (Pa. Super. Ct. 1990)). Especially where the attorneys' fees affect the amount ultimately awarded to the minor, "[i]t is incumbent upon counsel to persuade the court that the attorneys' fees and costs requested are reasonable and equitable." Sosenke v. Norwood, No. 91-2623, 1993 WL 512824, at *5 (E.D. Pa. Dec. 6,

---

[3] While the IDEA does not provide a framework for evaluating the settlement of a minor's claim under the Act, it does contain provisions governing the amount of attorneys' fees a district court may award to a prevailing party, if the court decides, in its discretion, to award attorneys' fees as part of the costs. See 20 U.S.C. § 1415(i)(3). Even if this standard is appropriate for use in evaluating the reasonableness of attorneys' fees included in a settlement agreement, it is not inconsistent with Pennsylvania law, and therefore Pennsylvania law is applicable. See 20 U.S.C. § 1415(i)(3)(c) (providing that fees awarded "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished" and allowing the court to reduce the fees under certain circumstances).

1993), aff'd, 37 F.3d 1489 (3d Cir. 1994).  Simply because the minor's parents have agreed to a contingent fee agreement does not mean that court approval is warranted.  See id. at *3 (citing Estate of Murray v. Love, 602 A.2d 366, 369-70 (Pa. Super. Ct. 1992); Gilmore, 582 A.2d at 1110).  Regardless of any fee agreement, as the protector of the minor's interests, the court must independently investigate the fee to be charged to ensure that it is fair and reasonable.  See Sosenke, 1993 WL 512824, at *3-4.

Under Pennsylvania law, a court should address the reasonableness of attorneys' fees to be paid under a settlement involving a minor through the two-step process articulated by the Pennsylvania Superior Court in Gilmore, 582 A.2d at 1109-10.  First, the court must consider whether the Court of Common Pleas with jurisdiction over the minor has adopted a presumptive lodestar for fees involving the settlement of a minor's claims.  See id.  Second, if a lodestar exists, the court may adjust that lodestar depending upon the effectiveness of counsel's performance under the circumstances.  See id.

**V.   DISCUSSION**

    A.   Best Interests of the Minor

Based on the parties' submissions, it appears that the Settlement Agreement is in J.N.'s best interests.

First, Plaintiff's motion points to the progress J.N. has made at the private school selected by his parents, the TALK Institute.  Pl.'s Mot. at 5-6, ECF No. 24.  In this action, Plaintiff alleges that the IEPs offered by the District would have placed J.N. in a class for children with multiple disabilities, most of whom had intellectual disabilities.  According to Plaintiff, J.N. – whose disorder impacts his expressive language and fine minor skills, but not his intellectual abilities – would not have made educational progress in such a classroom.  Am. Compl. ¶¶ 61-77.  In the years since J.N. began at TALK, Plaintiff claims, J.N. has made significant progress in his speech and communication abilities, including developing an increased vocabulary, gaining the ability to engage in reciprocal communication, and increasing his daily living skills.  Pl.'s Mot. at 5.

The Settlement Agreement provides for J.N. to continue his progress at the TALK Institute.  Plaintiff acknowledges that the Settlement Agreement does not pay all of J.N.'s expenses at TALK, but still believe that it is in his best interest.  Id. at 6.  Plaintiff's Amended Complaint sought reimbursement for J.N.'s private school tuition for the school years 2013-14 and 2014-15.  The Settlement Agreement, however, provides relief for the 2014-15 school year, as well as two additional years, 2015-16 and 2016-17.  Settlement Agreement §§ 1(a)-(c).

11

Second, the Settlement Agreement allows J.N. to avoid the risk of continued litigation. In this action, Plaintiff has appealed the decision of an impartial hearing officer who awarded no reimbursement at all for J.N.'s private school placement. If this Court had decided to affirm the hearing officer's decision and awarded no reimbursement, Plaintiff avers that J.N.'s parents would have had great difficulty affording J.N.'s education at the TALK Institute.[4] Pl.'s Mot. at 7.

Finally, Plaintiff notes that under the terms of the Settlement Agreement, no disbursements are to be made directly to J.N.'s parents. Id. Instead, tuition payments will be made directly to the private school, and attorneys' fees will be paid directly to Plaintiff's counsel. Thus, there is no need for J.N.'s parents to account for how they have handled the settlement funds.

Defendant agrees with Plaintiff's assessment that the Settlement Agreement is in the best interests of J.N., although the District does not agree with Plaintiff's characterization of J.N.'s abilities or of his IEPs. Def.'s Resp. at 1-2, ECF No. 27. Defendant emphasizes that J.N.'s IEP and the evaluations supporting the IEP properly convey J.N.'s abilities and needs,

---

[4] The Court expresses no opinion as to the merits of the appeal.

and that Plaintiff's statements regarding J.N.'s progress are unsupported. Id.

Under these circumstances, the Court concludes that the Settlement Agreement is fair, reasonable, and in the best interests of J.N.

B. <u>Reasonableness of the Attorneys' Fees</u>

The Settlement Agreement provides for the payment of $20,000 to Plaintiff's counsel. Settlement Agreement § 1(d). Plaintiff's counsel has submitted a declaration detailing her work on this action, <u>see</u> Pl.'s Mot. Ex. D, ECF No. 24-4, as well as contemporaneous records of the time she spent on the due process hearing and the instant action, <u>see</u> Pl.'s Mot. Exs. C & D, ECF Nos. 24-2, 24-3. According to the declaration and records, Plaintiff's counsel spent 249.8 hours on the due process hearing and 63.1 hours on the instant action, for a total of 312.9 hours. Pl.'s Mot. at 9.

To assess the reasonableness of attorneys' fees for the settlement of a minor's claim,[5] the Court must first

---

[5] Plaintiff claims that $600-650 per hour is the market rate for attorneys with over 25 years' experience in special education, citing the fee schedule used by Community Legal Services of Philadelphia ("CLS") and <u>I.W. v. School District of Philadelphia</u>, No. 14-3141, 2016 WL 147148, *8 (E.D. Pa. Jan. 13, 2016). Pl.'s Mot. at 9. In response, Defendant contends that several other courts have rejected the CLS fee schedule and concluded that $425 or $450 per hour is more appropriate for an attorney with commensurate experience. <u>See</u> Def.'s Resp. at 2

13

determine whether the relevant Court of Common Pleas has adopted a presumptive lodestar. Nice, 98 F. Supp. 2d at 670. Plaintiff resides in Delaware County. Local Rule 2039 of the Court of Common Pleas of Delaware County provides that, in the case of a petition to compromise, settle, or discontinue a minor's action, "[i]f the proposed distribution includes a claim for counsel fees in excess of twenty-five (25%) percent of the net (after expenses incurred by counsel) settlement, evidence shall be presented as to the nature and extent of the services rendered." Delaware Cty. Local R. 2039(b)(1). Therefore, it appears that the presumptive lodestar is twenty-five percent. See Stecyk, 53 F. Supp. 2d. at 801 (adopting Delaware County presumptive lodestar of twenty-five percent).

Next, the Court must consider whether to adjust the lodestar based on the effectiveness of counsel's performance under the circumstances. See Gilmore, 582 A.2d at 1109-10. In

---

(citing M.W. v. Sch. Dist. of Phila., No. 15-5586, 2016 WL 3959073, at *4 (E.D. Pa. July 22, 2016); Sch. Dist. of Phila. v. Williams, No. 14-6238, 2016 WL 877841, at *4 (E.D. Pa. Mar. 7, 2016)). In any event, regardless of the parties' disagreement over market rates, Plaintiff's counsel has stated that she billed for her time in this case at the rate of $390-$400 per hour, which Defendant agrees is within the market rate. Based on that rate and the total number of hours Plaintiff's counsel expended on this matter, Plaintiff's counsel claims that under the lodestar she would be entitled to $121,739.92 in attorneys' fees. The Court need not decide whether the rate claimed is the correct rate because, even if it is not, the attorneys' fee request in the Settlement Agreement is significantly lower than the lodestar, even at the claimed reduced rate.

14

order to assess the effectiveness of counsel's performance, a court should consider ten factors: (1) the amount of work performed; (2) the character of the services rendered; (3) the difficulty of problems involved; (4) the importance of the litigation; (5) the degree of responsibility incurred; (6) whether the fund involved was "created" by the attorney; (7) the professional skill and standing of the attorney in her profession; (8) the result the attorney was able to obtain; (9) the ability of the client to pay a reasonable fee for the services rendered; and (10) "very importantly" the amount of money in question. Gilmore, 582 A.2d at 1109 (quoting In re Trust Estate of LaRocca, 246 A.2d 337, 339 (Pa. 1968)).

        Here, the attorneys' fees included in the Settlement Agreement are only 11.43 percent of the total settlement, which is already less than half of the Delaware County lodestar. Plaintiff's counsel spent over 300 hours on this matter, and was able to obtain a positive result for her client.  The Settlement Agreement grants Plaintiff partial tuition for three years of private school education, in an action where the administrative order at issue awarded no relief to Plaintiff at all. Plaintiff's counsel's curriculum vitae, attached as Exhibit E to Plaintiff's motion, documents her extensive experience in the field of special education law.  See Pl.'s Mot. Ex. E, ECF No. 24-5.  On the other hand, the case does not involve novel or

15

complex legal issues, or extensive filings or briefing in this Court.  On balance, the Court does not believe these factors warrant adjusting the lodestar to more or less than 11.43 percent, the amount provided in the Settlement Agreement.

Therefore, the Court finds that the attorneys' fees provided in the Settlement Agreement are reasonable.

**VI.   CONCLUSION**

For the reasons stated above, the Court will grant Plaintiff's motion for settlement approval and approve the Settlement Agreement.

An appropriate order follows.